Bertie v. Walker, Sheriff.

ELECTA B. BERTIE v. JOHN C. WALKER, Sheriff.

1r 431
f119 689

A decree, for the separation of property, obtained by the wife, whatever may be its terms, does not render the parties separate in property. It entitles her to a separation, but will be forfeited and wi hout effect, if not followed by a prompt and *bona fide* execution of the judgment, either by the payment of the rights and claims of the wife, so far as the estate of the husband can meet them, made to appear by authentic act, or by an uninterrupted suit to obtain such payment.

Plaintiff having obtained a decree for separation of property from her husband, purchased a slave in her own name. Five months after the decree, the slave was seized at the suit of creditors of the husband ; and seven months after the seizure she took out execution against her husband. The creditors alleged that the slave was seized in the possession of the husband, and was paid for by money furnished by him ; and no evidence was offered to disprove these allegations. *Held,* that an attempt to execute the decree of separation after such a length of time, could not affect the rights of the judgment creditors; that the decree was forfeited, and the community not dissolved ; that the property having been purchased in the name of one of the spouses, belonged to the community, and was liable to seizure for the debts of the husband ; and that there was no necessity for the creditors to institute a direct action against the wife, to annul the sale.

APPEAL from the District Court of East Feliciana, *Johnson*, J.
*Dunn*, for the appellant.
*J. R. Thomas*, for the defendant.

MORPHY, J. In November, 1838, the petitioner obtained against her husband, James E. Bertie, a decree of separation of property, allowing her as her paraphernal effects a piano worth about three hundred dollars, and a sum of fifty dollars, belonging to her, and collected by her husband. After the rendering of this judgment, to wit, on the 14th of February, 1839, she bought a negro slave named Matilda, in her own name, for the price of eleven hundred and fifty dollars. This slave having been seized by the defendant, at the instance of Fellows, Cargill, and Company, judgment creditors of her husband, to satisfy their demand against the latter, this suit was brought to arrest the sale about to be made. The injunction sued out by plaintiff having been dissolved below, she appealed.

It is urged on the part of the appellant, that the slave in question is not liable to be izedand sold for the debts of James E. Bertie, her husband, because she was purchased by the petitioner subse-

quent to the judgment of the District Court, pronouncing a separation of property between her and her said husband; that, at all events, the validity of her title cánnot be inquired into collaterally; and that a direct action should have been brought to annul it. To this it is answered, that the decree of separation is void, and produced none of its legal consequences, because it was not executed according to law; and that this slave, although purchased in the separate name of the plaintiff, must be considered as community property, and as such, must be subject to seizure for the debts of her husband. It appears from the record that the plaintiff took out an execution against her husband only about twelve months after the judgment of separation, and about seven months after the seizure of the slave Matilda by his creditors.

The Civil Code, article 2402, provides, that 'the separation of property, although decreed by a court of justice, is null, if it has not been executed by the payment of the rights and claims of the wife, made to apppear by an authentic act, as far as the estate of the husband can meet them, *or* at least by a *bona fide* non-interrupted suit to obtain payment.' In the Code Napoleon, art. 1444, from which this article is evidently borrowed, it is provided that there must be a beginning of pursuit, or proceedings under the decree of separation, within fifteen days from its date. The suppression in the Civil Code of this delay, within which some pursuit must be commenced against the husband to render the separation valid, renders our law on this subject less rigorous, but at the same time perhaps more vague, and difficult in its application to particular cases. By the french law the decree of separation becomes a nullity, if no settlement or proceedings take place under it, within fifteen days, and no subsequent execution of it can give it validity; while from the language of the provision in our code, it seems that the decree is not perfected, and has no binding force until one of the two conditions mentioned in it has been complied with. As relates however to the execution of the decree by judicial proceedings, it may well be that an unusual delay or interruption would be fatal to the wife. The decree of separation, whatever may be *its* terms, does not render the parties separate of property; it entitles the wife to a separation, but this right vanishes, if not followed by a prompt and *bona fide* execution of the judgment. It is all im-

portant for the protection of the creditors of a married man under a system of laws like ours, that these requisites of the code should be rigorously insisted upon. Decrees of separation are not unfrequently made a cloak to screen the property of the husband from the pursuit of his just creditors. In the present case, neither of the two conditions required to render the separation, valid had been complied with at the time that the slave Matilda was seized. Matters stood then as if no separation had been pronounced, at least so far as the seizing creditors in this case were concerned. They alleged in their intervention, that the slave was seized in the possession of the husband, and that the price paid for her was furnished by him, and we find no evidence in the record to disprove these allegations. The tardy attempt to execute the decree of separation several months after the seizure, cannot affect the rights of the judgment creditors, if they had acquired any under it. If the separation was null at that time, the community was not dissolved, and property purchased in the name of either of the spouses belonged to the community, and was therefore subject to seizure for the debts of the husband. Civil Code art. 2371. 13 Toullier No. 82. Under this view of the subject, we cannot see that there was any necessity for the creditors of James E. Bertie to institute a direct action against the plaintiff.

*Judgment affirmed.*