## JOHN CAMPBELL v. HIS CREDITORS.

Under art. 722 of the Code of Practice, the creditor acquires, by the mere act of seizure, a privilege on the immoveable or moveable property seized, which entitles him to a preference over other creditors, unless the debtor has been declared a bankrupt previous thereto. If the seizure created a privilege only where the property of the debtor was sufficient to pay all his debts, it would only attach when it would be useless.

Art 301 of the Code of Practice, which declares that the "sheriff may be enjoined from paying the claim of the plaintiff out of the proceeds of the sale of the property seized, if a third person oppose such payment, alleging that the defendant has no other property to pay his debts, and pray that the proceeds may be brought into court, to be distributed among all the creditors of the defendant, according to the order of their respective privileges or hypothecations," makes a provision in favor of the creditors who have a *higher privilege* than that of the seizing creditor. It directs the proceeds to be divided among the creditors according to their respective privileges and hypothecations, including the privilege obtained by the seizure.

APPEAL from the District Court of Ouachita, *Boyce*, J.

MARTIN, J. Bailey, one of the creditors of the insolvent, is appellant from a judgment sustaining an opposition to the privilege allowed him by the syndic,* and ordering him to be placed on the tableau as a chirographic creditor. His claim results from a judgment, on which he obtained an execution which was levied on the goods of the insolvent. After the commencement of the sale, it was stopped by the sheriff, on the production of an order staying all proceedings against the person and property of the defendant in the execution. The counsel of the appellee has referred us to arts. 1980, 3149—3152 of the Civil Code, and to the Code of Practice, arts. 301, 722. It appears to us that there is nothing in the articles of the Civil Code to which we have been referred, to sustain the opposition to the plaintiff's place on the tableau; and that the two articles of the Code of Practice cited, establish his claim to the privilege. Article 722 provides, that, "the creditor, by the mere act of seizure, is invested with a privilege on the moveable and immoveable property thus seized, which entitles him to a preference over other creditors, unless the debtor has become bankrupt previous to the seizure." It is clear that the insolvency or bankruptcy did not occur previous to the seizure,

---

* The syndic allowed him a preference on the proceeds of the property seized.

since the sheriff had proceeded in the sale of the property seized, and several days must have elapsed between the seizure and the sale, as the legal advertisements are shown to have been made. The order for the stay of proceedings was produced to the sheriff, before the petition on which it was granted had been filed in the clerk's office. Article 301 provides, that the " sheriff may be enjoined from paying the claim of the plaintiff out of the proceeds of the sale of the property seized, if a third person oppose such payment, alleging that the defendant has no other property to pay his debts except that which has been seized, and pray that the proceeds of the sale may be brought into court, to be distributed among all the creditors of the defendant, according to the order of their respective privileges or hypothecations." This article makes a provision in favor of creditors who have a higher privilege than the plaintiff ' in the execution, for it directs the money to be brought into court to be divided amongst the creditors according to their respective privileges and hypothecations, which certainly includes the privilege obtained by the seizure.

The counsel for the appellee has, however, contended, that the insolvent had become a bankrupt before his application for a stay of proceedings ; that there are two kinds of bankruptcies or insolvencies, the *actual* and the *declared ;* that the first results from the inability of the debtor to pay all his creditors. If the seizure created a privilege in those cases only in which the property of a debtor is sufficient to pay all his debts, the privilege would only attach in those cases in which it would be needless.

It is, therefore, ordered that the judgment be reversed ; the opposition to the plaintiff's place on the tableau overruled ; and that the opposing creditor and appellee pay the costs in both courts.

*McGuire*, for the appellant.

*Copley*, contra.