Morphy, J.
The petitioner having recovered against the defendant, her husband, a judgment for $900, in an action for a separation of property, took a rule on the Sheriff of the parish of Bast Baton Rouge and the Bank of Louisana, to show cause why a sum of $488 56, in the hands of that officer, should not be paid over to her in preference to the Bank, which had levied an exe *74 cution thereon, on the 16th of December, 1841. This money was a balance of the proceeds of a house and lot belonging to the defendant, which had been sold under a fieri facias issued on a twelve months’ bond, at the suit of one William Robb, a judgment creditor. The rule was made absolute, and the Bank has appealed.
It is urged by the appellant’s counsel, that the opponent has lost her rights, if she ever had any, under her judgment of separation, by neglecting to follow up and enforce the same against her husband, as recpiired by article 2402 of the Civil Code; and he invokes the rule, vigilantibus, non dormientibus, legessubveniunt. The record shows, that Nancy B. Fulton obtained her judgment of separation on the 3d of July, 1841; that it was duly advertised ; and that she took out an execution under it, on the 2Sth of October following. She might, to be sure, have been more diligent in the pursuit of her rights, but as this court had occasion to remark in Bertie v. Walker, (1 Rob. 431,) our law is less rigorous on this subject than the Napoleon Code. The latter provides, that there must be a beginning of pursuit, or proceedings under the decree of separation, within fifteen days from its date,' if no settlement of the rights of the wife has been made by an authentic act,'otherwise the decree of separation becomes a nulity ; while our Code fixes no peremptory delay within which the pursuit or proceedings of the wife under her judgment must be commenced. It requires only a bona fide, non-interrupted suit to obtain payment. It does not appear to us, that there has been in this case such an unusual delay or interruption in the suit, as should deprive the plaintiff of the right of enforcing her claim against her husband, and render her judgment null and void, especially as no right has been acquired by any third party in the mean time. Civ. Code, art. 2402.
If the rights of the parties were to be tested by the degree of vigilance which they displayed, as the appellant’s counsel seems to believe, it would not assist him, as the record shows, that the Bank obtained their judgment against the defendant on the 23d of June, 1841, and sued out an execution only on the 18th of November following, a longer delay or interruption, than that which occurred in the proceedings of the plaintiff against her husband, *75 and that the money in dispute might and should perhaps have been levied upon by the Sheriff under herfi.fa., which had been placed in his hands some weeks before that of the Bank. But, be this as it may, the petitioner rests her claim to a preference over the appellant on her legal mortgage on the property, of which the proceeds are in the hands of the Sheriff. This right of preference we will proceed to consider, as soon as we shall have disposed of another objection urged by the appellant.
It is contended that the $900 recovered by the plaintiff as money received by her husband for her account, was the price of two tracts of land sold in 1837, which the plaintiff had acquired by purchase subsequently to her marriage with the defendant, and which, therefore, belonged to the community; and that, even if this property was purchased with notes, the separate property'of the wife, it would only be a charge against the community for their amount, to wit, $170.
The evidence shows, that previous to her marriage with Joel C. Fulton, the plaintiff owned two tracts of land, which, in 1832, she sold to one James Morrison, from whom she received two notes of $75 each, maturing on the 1st of March of the years 1834 and 1835; that her marriage took place in the autumn of 1833; that on the 20th of October, 1835, Morrison being unable to pay his notes, agreed to rescind the sale, and on receiving back his notes, reconveyed the property to the plaintiff: that in 1837, she sold the same land, in her own name, to one James Mansker, for the sum of $900; and'that her husband, who had assisted her in the execution of the sale, received this money, the greatest part of it in cash, and the balance in a receipted account for a debt he owed Mansker. Under these facts it is clear that the property sold in 1837, never belonged to the community. The retransfer made to the plaintiff, in 1835, by Morrison, cannot be viewed in the light of a purchase made during the marriage. He voluntarily did that which his vendor could have obtained by bringing against him an action to rescind the sale, on account of his failure to pay the price. The land became the. property of the petitioner, in the same manner as if the sale to Morrison had been judicially rescinded ; and she held it by the title which she had before her marriage, as though no sale had been made. It, *76 therefore, never belonged to the community. 12 Toullier, Nos. 190, 195.
In relation to the question of preference, the evidence shows, that the defendant has no other property on which the plaintiff can enforce her legal mortgage. In such a case she was authorized to come in by way of opposition, and claim to be paid out of the proceeds of the property subjected to her mortgage, in preference to seizing creditors having no anterior liens or mortgages. The Bank, by seizing the proceeds of the property, cannot have greater rights than if it had seized the property itself. Arts. 301, 401, 402 and 403 of the Code of Practice, under which the plaintiff has proceeded, clearly contemplate that all the privileges and mortgages existing on property sold under execution, when the debtor has no other property to pay his debts, are transferred from the property to its proceeds; and that a distribution of such proceeds is to be made as in a case of concurso, the seizing creditor’s privilege to take rank only after that of creditors having certain privileges or mortgages. 3 Rob. 106. We, therefore, conclude that the Judge decided correctly, in allowing the opponent her right of preference on the proceeds of the property, on which she had a mortgage much older than that of the appellant.

Judgment affirmed.