TUFTS & HOBART et als. *v.* T. J. CASEY.

The decision in the case of *Levois* v. *Gerke*, 12 An. 828, affirmed, to the effect that the proceeding by sequestration, under the Act of 1826, against the property of an insolvent who has absconded, is a different and distinct proceeding from that under the insolvent laws for a forced or voluntary surrender.

A creditor who has proceeded by way of attachment, prior to the proceeding by sequestration, acquires a privilege on the property attached, and a preference over the other creditors.

APPEAL from the Fourth District Court of New Orleans, *Price*, J.

*Semmes & Labatt* and G. *LeGardeur*, for opponent and appellant. *Benjamin, Bradford & Finney, Durant & Hornor, Bonford, Singleton & Clack* and *Mott & Fraser*, for appellees.

COLE, J.  On the 22d of April, 1858, *Abrams*, being a creditor of *T. J. Casey*, who had absconded from New Orleans, caused to be issued the first attachment, and property belonging to *Casey* personally was seized under this writ, which produced at the sale $3,251 85.

On the 27th of April, 1858, before *Abrams* had obtained judgment upon his claim, three creditors of the firm of which *Casey* had been a member, filed a petition under the 6th section of the Act of 29th of March, 1826, entitled " an Act supplementary to an Act entitled ' an Act relative to the voluntary surrender of property, and to the mode of proceeding, as well for the direction, as for the disposal of debtors' estates, and for other purposes.' " They represented that *Casey* was established in business in New Orleans, as a merchant and trader, till about the 20th of April, 1858, when he absconded, in order to avoid the payment of his debts, and pray for a sequestration of his property, and that his creditors may be called to appoint syndics, to be put in possession of his property by way of forced surrender.

The order was granted, a meeting was held, and *Henry Renshaw* was appointed and qualified as syndic of the creditors of *Casey*.

A tableau of distribution having been filed by the syndic, *Abrams* opposed its homologation, and prayed that the tableau be amended by placing him as a creditor for $4,900, with five per cent. interest from 12th of April, 1858, and as a privileged creditor, to be paid to the exclusion of other creditors, for the sum of $3,251 81, to be paid out of the proceeds of the property that had been attached by him.

The District Court granted him his claim, but without any privilege, and he has appealed.

Opponent maintains in this court, that previous to the passage of the Act of 1826, no law existed in Louisiana, empowering the creditors of a debtor, who had fled from the State, to seize his property and distribute it ratably among the mass of his creditors; that anterior to its enactment, an absconding debtor's property was liable to attachment, and a privilege could be obtained by an attaching creditor, over others less vigilant.

That if the Act of 1826 has been repealed, it will follow that the law now stands precisely as it did prior to the passage of the Act of 1826, and the attachment of *Abrams* must be sustained and his claim paid by preference.

Opponent admits that this controversy presents the same questions which arose in the case of *Levois* v. *Gerke*, reported in 12 An. 829.

This court, in that case, decided, on a re-hearing, that the 6th section of the Act of the 29th of March, 1826, (Session Acts, p. 140,) which provides for a sequestration of the property, and a meeting of the creditors of any merchant or trader who shall abscond or conceal himself, in order to avoid the payment of his debts, is still in force.

If the court erred in the interpretation given to the legislative will, by decreeing this statute to be still in force, it has been in the power of the Legislature to have corrected the error. Two sessions of the Legislature have been held since that decision, and the Legislature have not passed any Act repealing this statute. Under these circumstances we consider it unnecessary to examine again the questions determined in *Levois* v. *Gerke*.

2. As this statute is in force, its effect is to deprive opponent of the right to be paid by preference, as the first attaching creditor.

In *Collins* v. *Duffy*, 7 An. p. 40, this court said, it has indeed been often held, that process of attachment subjects the property attached to the payment of the attaching creditor. But the principle supposes that the debtor has the possession of his other property for his other creditors. If he has made a cession of all his property to all his creditors, it has been always held, that the property attached follows the cession ; that the attaching creditor has no preference, but the syndic must distribute its proceeds equally among the creditors, if there be no lawful cause of preference.

In the present case, *Abrams* had obtained the attachment, but had not a judgment upon his claim at the time of the meeting of the creditors of *Casey* and of the cession. We are, therefore, of opinion that *Abrams* has no privilege by virtue of his attachment. *Marr* v. *Lartigue*, 2 M. 98 ; *Hanna* v. *Creditors*, 12 M. 32 ; *Fishe* v. *Vose*, 3 R. 457.

3. Opponent asks whether the required proof is to be found in the record, to show that *Casey* was a " merchant or trader," within the scope and meaning of the Act of 1826.

In answer to this, it is sufficient to say, that the plaintiffs' petition contains the allegation that *Casey* was a merchant or trader, and that opponent does not deny it in his opposition, but asks that the tableau may be homologated, after being amended according to his demand.

As this question was not raised in the District Court by the pleadings of opponent, the latter cannot raise it in this court.

Judgment affirmed, with costs of appeal.

---

## Same Case—On a Re-hearing.

Buchanan, J. This was a proceeding by sequestration of the property of an absconding merchant or trader, by three of his creditors, under the Act of 1826 ; which Act was held by us, in the case of *Levois* v. *Gerke*, not to have been repealed by the Act of 1855, relative to the voluntary or forced surrender of property.

The appellant, *M. Abrams*, had instituted a suit by attachment against *Casey*, previous to the sequestration issued in this suit, and had seized under said attachment, on the 22d of April, 1858, the household effects and furniture of said *Casey*, then in his residence on Canal street, in the city of New Orleans. The pro-

perty thus seized was still under seizure when the sequestration was issued in this case. It was taken possession of, together with other property sequestered, by *Henry Renshaw*, appointed syndic at a meeting of *Casey's* creditors, and was sold by him for the sum of $3,251 85, as appears from his tableau of distribution filed in court. The appellant opposed the said tableau, claiming to be paid the proceeds of the property attached by him, by privilege. From a judgment, refusing such privilege, *Abrams* appeals.

A preliminary question is raised in this court, which was not made by the pleadings in the court below, to wit, that *Thomas J. Casey* was not a merchant or trader, within the terms and meaning of the statute of 1826.

The argument of the counsel of appellant on this point is, that it was not necessary for him to object to the proceedings on this ground; but that it should have been shown affirmatively by the sequestering creditors, that their debtor, *Casey, was* a merchant or trader.

We are of opinion, that it was for the appellant, or any other party interested, to make the specific objection, and thus to have given the plaintiffs in the sequestration, or the syndic appointed by the creditors, an opportunity to prove that *Casey* was in fact a merchant or trader, as they have sworn, in suing out the writ of sequestration. The question not having been raised in the court below, it might operate as a surprise upon the appellees, to allow it to be raised for the first time here, as no evidence can be offered in this court on the subject.

We proceed, therefore, to examine the merits of the controversy, on the assumption that the proceedings of appellees have been regular under the statute of 1826.

The case of *Levois* v. *Gerke*, 12 An. 828, is not to be understood as having assimilated the proceeding by sequestration under the sixth section of the Act of 29th of March, 1826, to a surrender, either voluntary or forced. That case was the subject of two decisions, as the report shows. In the first decision, it was held by the majority of the court, that the proceeding by sequestration of the property of an absconding debtor under the Act of 1826, came within the term of " a forced surrender of property," and that inasmuch as it had not been re-enacted and incorporated in the Act of 14th of March, 1855, " relative to forced surrenders and the mode of making the same," it had been swept away by the repealing clause of the latter Act.

But two Judges, composing a minority of the court, were of the opinion that the proceeding in question was not in effect either a forced or a voluntary surrender; and of that opinion was a majority of the court, upon a re-hearing granted.

The doctrine, as finally settled in *Levois* v. *Gerke*, is, that the proceeding by sequestration under the Act of 1826, is a peculiar remedy, which supplies an hiatus in our preëxisting legislation, and distinct from the insolvent laws, although pursued in the ulterior stages of the remedy, in a manner resembling the settlement of insolvent estates under the statutes relating to voluntary and forced surrenders.

We feel bound, therefore, to say, that the sequestration sued out by the plaintiffs and appellees, did not take away or impair the rights acquired by the appellant under his prior attachment.

The appellant, by his attachment, acquired a privilege on the property seized, which entitles him to a privilege and preference over the other creditors of *Thomas J. Casey*. C. P. 722; 3 Rob. 106 and 276; 6 An. 444.

The attachment had not ripened into a judgment, at the time of the sequestration. But the appellant has made, contradictorily with the appellees, proof of his debt satisfactory to the court below and to this court.

It is, therefore, adjudged and decreed, that the judgment heretofore rendered by this court herein, be set aside and avoided ; and it is now ordered, adjudged and decreed, the the judgment of the District Court be amended as regards the appellant, *Mordecai Abrams ;* that the tableau of distribution filed by *Henry Renshaw*, syndic, be corrected, by placing thereon the said appellant as a creditor, for four thousand nine hundred dollars, with legal interest from 12th of April, 1858, until paid, and costs of said *Abrams'* opposition in both courts, with first privilege and preference for three thousand two hundred and fifty-one dollars and eighty-five cents, proceeds of the property attached in the suit of said *Abrams* against *Thomas J. Casey*, and now in the hands of the syndic of *Casey*, appellee.

MERRICK, C. J., took no part in this decision.