The opinion of the court was delivered by
Watkins, J.
Plaintiffs are appellants from a judgment sustaining the defendant’s exception of no cause of action and dismissing their suit.
It appears from the record that in 1892 George E. Murphy became indebted to J. F. Sample in the sum of seven thousand and nine hundred dollars, for which he gave a confession of judgment, bearing date June 22, of that year.
In 1894 Sample filed his confession of judgment in court and proved same, and obtained a final and definitive judgment thereon; and as soon as the term of court had adjourned he caused a writ of ft. fa. to be issued thereunder, and the property of Murphy to be seized and advertised for sale.
Soon afterward the plaintiffs filed a third opposition to this seizure, coupled with an injunction restraining the sale, on the ground, mainly, that Sample had procured the seizure of all the property of their common debtor. They prayed for judgment against Murphy on his *1402 indebtedness to them, for the sum of about two thousand dollars, and asked for a decree canceling and erasing Sample’s judical mortgage on the property seized, praying that the proceeds of sale be brought into court and' ratably distributed upon their claims respectively.
The plaintiffs also allege that Murphy was insolvent at the time, to the knowledge of Sample, and that Murphy and Sample had resorted to collusion and fraud to create, in favor of the latter, a preference to which he was not entitled in law, by the registration of his judgment.
The position to which this case is assigned by the counsel of Sample is, that the plaintiffs seek to have the proceeds of the sale of the property of Murphy realized by the execution under Sample’s judgment, brought into court and “ distributed amongst all the creditors of Murphy (whereas) Murphy is neither a bankrupt nor a declared insolvent.” That plaintiffs’ debt is an ordinary one, not entitled to any lien, privilege, or any lawful cause of preference, and for that reason they have no standing in court under O. P. 396. That Sample was the first seizing creditor, and as such has the seizing creditor’s privilege on the property seized, which is a lawful cause of preference over the claim of opponents in the distribution of its proceeds. O. P. 722.
On the contrary, opponent’s counsel insist that the relief they claim is grounded on O. P. 301, which is couched in the following words, viz.:
“The sheriff may be enjoined from paying the claim of the plaintiff out of the proceeds of the property seized if a third person oppose such payment, alleging that the defendant had no other property to pay his debts except that which had been seized, and pray that the proceeds of the sale be brought into court to be distributed among all the creditors of the defendant, according to the order of their re - spective privilege and hypothecation.”
On the face of the papers plaintiffs’ action appears to be threefold, (1) seeking to recover a personal judgment against Murphy as a common debtor; (2) to strike down Sample’s mortgage and privilege so as to make way for the ratable distribution, that is proposed, of the sale under ft. fa.; (3) to obtain a decree of court ordering such ratable distribution of the proceeds to be made.
In other words, plaintiffs have sought to blend the relief the law *1403 accords in a revocatory action with that accorded in a third opposition.
They are at once confronted with the well-established principle of jurisprudence that one can not claim at one and the same time the-thing and its price; nor can he attack a judgment as null and illegal, and at the same time demand its fruits and proceeds.
In this case plaintiffs are in court claiming a proportionate share of the proceeds of a judicial sale, and at the same time demanding the annulment and .revocation of this lien and privilege of the seizing creditor, charging collusion and fraud. Provosty vs. Carmouche, 22 An. 135.
Such pleading is inconsistent and irreconcilable.
But there is no claim made that Sample’s demand is simulated or fictitious. Being genuine, Murphy had a perfect right to confess a judgment on his indebtedness to Sample. Stein vs. Brunner, 42 An. 772.
Sample was certainly entitled to have a copy of his judgment recorded so as to operate as a judicial .mortgage on Murphy’s property. He was equally entitled to execute his judgment as soon as the session of the court was at an end sine die.
Viewing the situation from this standpoint, the only course there was left open to the plaintiffs was to stand upon their third opposition, and abandon the cause as a revocatory action.
Coming to this proposition we have to consider what relief plaintiffs are entitled to under C. P. 301.
To our minds there is considerable force in the query of defendant’s counsel, viz.:
“Now, if (opponents and other creditors of Murphy) are to be paid in the order of their privileges and hypothecations, what right of action has W. B. Thompson & Co. in their suit to enjoin the proceeds and ask for their distribution over (Sample) as the first seizing creditor, whereas theirs is an ordinary debt, unsecured by any privilege?”
Their contention is that the provisions of C. P. 301 have reference to a settlement among creditors in concursu among all claims, privileges or mortgages, one or both, and that they have no reference to-the claims of ordinary, unsecured creditors, such as that of opponents. And in this view the averment of opponents’ petition to the-effect that Sample had obtained a seizure of all of Murphy’s prop *1404 erty, who was insolvent to his knowledge and utterly unable to pay his debts, takes on a great deal of significance, but that significance is, that on the face Of the papers the claim of Sample enjoys a legal preference. Code of Practice, 301, was interpreted in the early case to mean that it made “ a provision in favor of creditors who have a higher privilege than that of the seizing creditor. It directs the proceeds to be divided among creditors according to their respective privileges and hypothecations, including the privilege obtained by the seizure.” Campbell vs. His Creditors, 3 R. 106.
Article of the Code 722 declares that the first seizing creditor is invested with a privilege by the mere act of seizure unless the debtor has been previously declared a bankrupt, and in this connection counsel for Sample very pertinently observes:
“Now, if a seizure created a privilege in those cases only in which the property of the debtor is sufficient to pay all his debts, the privilege would only attach in those cases in which it would be needless.”
Recognizing the difficulty of his situation, counsel for opponents assail the decision of the old court in Campbell vs. His Creditors, and say:
“We are fully aware of the decision rendered by Judge Martin in his last days as reported in the case of Campbell vs. His Creditors, 3 Rob. 106, and it is that decision we desire to attack, believing as we do, that the interpretation there placed on Art. 301 repeals it as effectually as if the same had never been written. It is the only decision we can find to that effect, and for that reason we do not consider it stare decisis.”
While it may be true that this is an isolated opinion of this court, counsel’s proposition takes too much for granted.
In the case of Mayewski vs. His Creditors, 40 An. 94, this court affirmed a very important principle of the insolvent law upon the faith of a single decision and said:
“If we were to express an opinion on it, as a new question, we would feel inclined to differ from the views therein expressed, but when we take into consideration the great length of time that that opinion has been suffered to remain undisturbed, we may safely rest our approval of it on the consecrated doctrine of stare decisis.”
But the opinion assailed is, in our opinion, in keeping with other and more recent adjudications under Code of Practice, 301, and we *1405 cite the following as inferentially applicable: Deneufbourg vs. Didion, 7 An. 344; Dobard vs. Baybi, 36 An. 136; Smith vs. His Creditors, 21 An. 241; Young vs. Municipality No. 1, 5 An. 736; Turner vs. Parker, 10 Rob. 154; Larthet vs. Hogan, 1 An. 330.
In our opinion, the language of the article itself is too obvious for any doubt or discussion.
The judgment of the court a qua is correct.
Judgment affirmed.
Nicholls, C. J., absent.