ST. PAUL, J.
This is a controversy over a receiver’s account. As we read the record, the receiver had in his hands for distribution a balance of $6,4$9.09, out of which the following two items, aggregating $1,237.20, are admittedly entitled to be paid first, to wit: United States government $1,170.24, and court costs $67.20; thus leaving a net balance of $5,251.65, which he proposes to distribute in the following order of preference, viz.: (1) Receiver and attorney, $1,600; notary and appraisers, $550—$2,150. (2) State taxes, $1,865.54; city taxes, $2,505.56—$4,371.10. (3) Mrs. W. J. Davey, lessor, $825. (4) Whitaker Paper Company, seizing judgment creditor, $1,770.11.
The state and city, Mrs. Davey, and the Whitaker Paper Company all opposed the account, each claiming a preference- over all the others, and each seeking to have the other claims stricken off or reduced. The trial judge increased the amount allowed Mrs. Davey from $825 to about $1,200 (to wit, $1,000, with interest and 10 per cent, attorneys fees), and reduced the fees of receiver, attorney, notary, and appraisers as privileged claims from $2,150 to $800. In all other respect the account was approved and the funds ordered distributed accordingly.
So that under the judgment of the lower court the net balance of $5,251.65 is to be distributed in the following order of prefer *532 ence, viz.: (1) Receiver, attorney, notary, and appraisers, $800. (2) State, $1,865.54; city, $2,505.56—$4,371.10. (3) Mrs. W. J. Davey, lessor, say $1,200. (4) Whitaker Paper Company, seizing judgment creditor, $1,770.11.
The Whitaker Paper Company alone appeals.
I.
The appellant obtained judgment against defendant and seized its stock of goods, but surrendered them to the receiver, under an order of court, with which we are not now concerned. This surrender did hot destroy the privilege resulting from the seizure, whatever it may be worth. Campbell v. Creditors, 3 Rob. 106; C. P. art. 722. But the privilege resulting from a seizure does not outrank privileges granted by the law itself. Campbell v. Creditors, 3 Rob. 106; Thompson v. Sheriff, 47 La. Ann. 1401, 1404, 17 South. 830; C. P. art. 301. Hence it is clear that appellant’s privilege does not outrank that of the lessor upon the stock of goods in the leased premises.
So that if the state and city have a privilege for their taxes, such privilege and that of the lessor (Aggregating $5,571.10) will absorb the whole net balance of $5,251.65 aforesaid, and in that case appellant' would have no interest in contesting the fees of the receiver, etc. On the other hand, if the state and city have no privilege, there will be left out of said net balance, after paying the lessor and the receiver, etc., more than sufficient to pay appellant in full, and in that case appellant would again have no interest in contesting the fees of the receiver, etc. Hence we confine oursélves to inquiring whether the state and city have a privilege for their taxes.
II.
Under Act No. 119 of 1882 and section 14 of article 10, Const. 1921, all laws applicable to the collection of state taxes apply likewise to the collection of municipal, parochial, and other taxes. So that if the state has a privilege for its taxes the city has also the same privilege.
Now, article 10, § 11, par. 3, of the Constitution of 1921, p. 87 (formerly paragraph 2 of article 233, Const. 1898) provides that—
“Taxes on movables shall be collected by seizure and sale by the tax collector of the movable property of the delinquent, whether it be the property assessed or not, sufficient to pay the tax.”
And section 49 of Act 170 of 1898, p. 370, provides that —
“Whenever, any sheriff, constable, marshal, receiver, liquidator, syndic or other judicial or court officer or functionary shall take possession of personal property it shall be his duty to pay at once all the taxes that may be due or become due upon the same. * * *
“The tax collector shall also have the right to proceed by rule at any time in the Court having custody of personal property or the proceeds thereof, to compel such sheriff, constable, marshal, receiver, liquidator or syndic to compel the payment of all. taxes due upon the property, without waiting for proceedings on final account or tableau of distribution.”
III.
Two things seem clear from the foregoing provisions, to wit:
1. That all the movable property of the delinquent, whether assessed or not assessed, is liable for any taxes due by said delinquent upon any personal property; and
2. That the tax collector has the right to insist upon payment of said taxes at once, and in preference to all others, out of the personal property of the delinquent by whomsoever it 'may be held.
And if all the personal property of the delinquent is liable for any tax due by him on personal property, it follows that the taxes due on assessed personal property is also due on unassessed personal property as well; since a tax due by property, or payable out of property, is a tax due 'on the property.
*534 And the right to be paid by preference out of property, or its proceeds, is nothing else but a first privilege in said property or proceeds.
We are of opinion, therefore, that both state and city have a first privilege for their taxes, and that the trial judge did not err.
Decree.
The judgment appealed from is therefore affirmed.
Rehearing refused by Division A, composed of O’NIELL, O. J., and ROGERS and BRUNOT, JJ.