## In re GREEN.

District Court, W. D. Louisiana, Monroe Division. September 26, 1927.

No. 3005.

1. **Bankruptcy ☞474—Mortgagee is not liable for costs beyond those reasonably necessary for foreclosure of his lien because mortgaged property is administered in bankruptcy proceedings.**

That mortgaged property is administered in bankruptcy proceedings does not subject it or the mortgagee to liability for costs beyond those reasonably necessary for foreclosure of the lien.

2. **Bankruptcy ☞474—Proceeds of mortgaged property sold in bankruptcy proceedings, insufficient to pay mortgage debt, are not chargeable with fee of bankrupt's attorney.**

Where the proceeds of mortgaged property sold in bankruptcy proceedings were insufficient to pay the mortgage debt they cannot be

charged with payment of the fee of bankrupt's attorney.

**3. Bankruptcy ⚖=474—Amendment of act held not to apply to mortgaged property (Bankr. Act, §§ 64a, 64b, as amended by Act May 27, 1926, § 15 [11 USCA § 104]).**

Bankruptcy Act, §§ 64a, 64b, as amended by Act May 27, 1926, § 15 (11 USCA § 104), do not apply to property incumbered by mortgage or lien having priority under laws of state.

In Bankruptcy. In the matter of A. J. Green, bankrupt. On review of order of referee. Reversed.

J. M. Grimmet, of Shreveport, La., referee in bankruptcy.

Crow & Coleman, of Shreveport, La., for creditor.

DAWKINS, District Judge. The sole question in this case is as to whether the attorney for the bankrupt is entitled to be paid a reasonable fee for services in representing the bankrupt out of the proceeds of mortgaged property by preference over the mortgagee, where it did not bring enough to discharge the mortgage lien. The referee having held that the attorney's fee has priority over the claim of the mortgage creditor, the matter is now before the court on a petition for review by the creditor, Y. S. Fuller.

There is no dispute as to the rendition of the service or the reasonableness of the fee. The property was listed on the schedules of the bankrupt, but claimed as exempt under the homestead law. On opposition of the mortgage creditor, the homestead claim was disallowed, and the property sold for a sum insufficient to pay the amount of his debt. All other costs of administration have been paid by the creditor.

It is conceded that ordinarily a mortgagee or other lienholding creditor may, upon showing that there is no equity in the property for general creditors, have it disclaimed by the trustee and foreclose his lien in the state courts. However, it is contended that, once he allows it to be administered through the bankruptcy court, it becomes subject to all of the costs and expenses of administration of the estate, whether they have anything to do with preserving the property, or benefit the lienholder, or not. If this were correct, it seems to me that it would be because of the inherent superiority of such claims over the mortgage lien, and persons interested in having them paid, could resist the disclaimer and insist upon the property remaining in the hands of the bankruptcy court for their payment. Can it be said that

the mere choice of a forum for the assertion of his claim by the creditor will have the effect of subordinating his lien to costs of administration, whether he is benefited thereby or not? It cannot be that the method or place of procedure alone can affect the relative rank of the two classes of claims.

In my opinion, the rights of the parties are determined by the law, which is the bankruptcy statute itself in the first instance; and, secondly, the law of the state where the former is silent. If the Bankruptcy Act (11 USCA) gives this preference right to the bankrupt and his attorney, then it would seem illogical that they could be deprived of it by the mortgagee insisting upon foreclosing his lien in the state courts. Then, again, rights flowing from the mortgage contract are vested under the law, and cannot be diminished, except in cases where the statute clearly gives priority and were in existence when the contract was made. Of course, where such a statute does exist, and a mortgage is taken with respect thereto, the creditor is bound thereby, just as is the case where it is upon property occupied as a homestead. In my opinion, there is no such condition here. The mortgage was already in existence before the obligation to pay an attorney's fee was incurred, and to take away that security, or any part of it, for such purpose, in the absence of a clear provision of law permitting it, existing when the mortgage was executed, would be to impair the rights and obligations of a contract contrary to constitutional inhibition. See 7 C. J. p. 438, verbo "Bankruptcy"; 1 Collier on Bankruptcy, p. 1763.

[1, 2] By the course pursued in this case—i. e., the placing of property on the schedules and the claiming it as a homestead by the bankrupt—the mortgagee was virtually drawn into the bankruptcy court to protect his interests, and he then permitted it to be sold through that channel. However, in my opinion, no matter where he allows it to be administered and sold, he is responsible only for such costs as are reasonably necessary to foreclose his lien. In re Goldville Mfg. Co. (D. C.) 118 F. 892; In re Goldville Mfg. Co. (D. C.) 123 F. 579; In re Clark Coal & Coke & Co. (D. C.) 173 F. 658; In re Roger Brown & Co. (C. C. A.) 196 F. 758; Norton Jewelry Co. v. Hines (C. C. A.) 245 F. 341.

[3] The sections of the Bankruptcy Law as amended by the Act of May 27, 1926 (paragraphs [a] and [b], § 64 [11 USCA § 104]), cited by the referee, I think have reference

to property of the estate other than that which is incumbered by special mortgage or lien having priority under the state law, especially where, as here, the proceeds are insufficient to satisfy the claim of the mortgagee.

My conclusion is that the ruling of the referee was erroneous, and that the mortgagee should not be required to pay from the proceeds of the mortgaged property the attorney's fee of the bankrupt. A proper decree may be presented.