## LITTLE et al. v. PEYTON.

### No. 4288.

District Court, W. D. Louisiana, Shreveport Division.

May 6, 1931.

Booth & Grafton, of Shreveport, La., for plaintiffs.

Hardy & Hardy, of Shreveport, La., for the bankrupt.

Barksdale, Bullock, Warren & Van Hook, of Shreveport, La., for creditor, Mayer Corporation.

DAWKINS, District Judge.

This case involves a question of priority as between three classes of claims, to wit, the state and city of Shreveport for taxes, the attorneys for the petitioning creditors and for the bankrupt for their fees, and the lessor for rent of the premises occupied by the bankrupt.

The stock of merchandise in the building brought $1,700 and from the accounts and other sources an additional $142.32 was realized, making a total of $1,842.32. Taxes claimed by the state amount to $169.92, and those by the city, $94.30. The referee has fixed the fees of the attorneys for the petitioning creditors and the bankrupt at $100 each; while the rent claim amounts to $1,332.25, or a total of $1,791.47 for taxes, attorneys' fees and rent.

The cost of administration in bankruptcy otherwise has reduced the cash on hand with which to pay the three classes of creditors to less than $1,500. It therefore becomes necessary to determine the order in which payment should be made, as well as the extent to which the landlord can be compelled to contribute to the payment of costs and taxes.

The taxes upon movable or personal property in this state bear a first lien, superior to that of mortgage or lien creditors, whether actually assessed at the time or not. Article 10, § 11 of the state Constitution of 1921, Act 170 of 1898, § 49; Cleveland Steel Company v. Joe Kaufman Company, 155 La. 529, 99 So. 428. Hence, the state and city taxes will have to be paid out of the funds in the hands of the trustee before the claims of the attorneys and lessor are considered. If the lessor's lien had been enforced in the state court upon the property, which was subject to the taxes, the sheriff would have collected them out of its

proceeds. Bankruptcy does not improve or prejudice the position of the parties in that regard. On the other hand, the lessor cannot be compelled to pay any greater proportion of the costs of administration of the bankrupt estate than would have been necessary to foreclose the lien under state procedure. Lerner Stores, Inc., v. Electric Maid Bake Shop (C. C. A.) 24 F.(2d) 780. If the property had brought $1,700 in the state court, the taxes of $264.22 would have had to be paid, as well as the costs of court, and the remainder, if any, turned over to the trustee. However, that course was not followed and, as above stated, it is. well settled that the landlord who allows his lien to be enforced through bankruptcy proceedings must pay out of the proceeds of the property subject to his claim a sum sufficient to cover costs in the state court.

Therefore, as to the $1,700 realized from the property in the leased premises, the trustee should deduct, first, the proper proportion of the lessor's costs of the administration in bankruptcy according to the above rule; next, the amount of the state and city taxes, and then pay out of this fund the rent claim. The balance, if any remaining from this source, should be added to the funds realized from other property and be applied to the satisfaction of attorneys' fees as costs of administration. Neither the tax claimants nor the landlord can be compelled to contribute more than would have been necessary to collect their claims in the state court, and in the case of the state and city there would have been no costs, because the taxes would have been deducted by the sheriff from the proceeds and the balance paid over to the lessor and trustee in bankruptcy. It follows that the attorneys for the petitioning creditors and bankrupt can only be paid what remains, if anything, after the discharge of the taxes, the lien of the lessor and other costs of administration. In re Green (D. C.) 23 F.(2d) 889.

Proper decree may be presented.

### On Further Consideration.

Further consideration of this matter impels me to conclude that I was in error as to the proportion and manner of payment of costs which should be made by the lessor. If the costs incurred in this instance cannot be paid from the bankrupt's estate, then it would be dangerous for the court to ever attempt the administration of property upon which a lessor's lien existed. The inventory and appraisement might show an apparent equity for the benefit of ordinary creditors, but if the court proved to be wrong in its judgment, and after administration and sale the property brought only enough to pay the lessor, then the risk, save the small amount necessary to collect the rent in the state court, would be taken by its officers, even though the lessor stood by, acquiesced in or affirmatively consented to that course.

As suggested by the referee, with a slight exception, the entire estate here consisted of a stock of goods upon which the lessor's lien rested, whose value apparently greatly exceeded the amount of the claim. That property, along with a small amount of other effects, was affected with the general lien of the state and city for taxes, superior to that of the lessor, but this fact was unknown or at least not considered at the time when the court was called upon to act. The lessor made no protest against but at least by silence acquiesced in the administration.

The situation is different to what it would be in any case where there was a general estate or fund out of which the costs could be paid. There the costs would have to be paid from the proceeds of unincumbered property, because under the bankruptcy act itself and general principles of law the holder of a lien upon specific property does not have to contribute to these expenditures until the general estate has been exhausted, although it has been the practice in this district, and the rule seems to have been approved in the cases cited in the former memorandum opinion in this case, that the lien creditor should be made to contribute the amount of costs which would have been incurred by the enforcement of his lien in the state court. However, as stated by the referee, in those cases there was a general fund out of which the costs of the bankruptcy court could be paid.

I therefore feel that the only practicable solution of a case like the present one is to hold and establish as a rule in this district, until it may be changed by a different view of the appellate courts, that when, in the judgment of the referee, a bankrupt estate, which is incumbered with a lessor's or other lien, appears to possess an equity for general creditors, he may administer it for the benefit of all concerned, with the right to collect from the general estate, if such exists, all proper costs, but if not, then from the unincumbered property, unless the holder of such lien shall by rule upon the trustee ask to have it disclaimed, in which event notice shall be given to creditors, and if they desire the trustee to proceed in a doubtful

case he shall not be required to do so until the creditors, or some of them, shall furnish security in an amount to be fixed by the referee for such costs as may be incurred, if it should develop that there is no equity in the property for ordinary creditors.

I cannot agree with counsel for lessor that the property in this case was not affected with the tax liens, or that the latter should be ignored. One of the purposes for which taxes are assessed, to wit, the governmental protection of the property of the taxpayer, was applicable to the whole of the bankrupt's estate, and of course inured to the benefit of the lessor in preserving the property upon which his lien rested. It has been held that costs come ahead of taxes, and the latter being superior to the lessor's lien, it seems to follow that both of the former must be satisfied before the third and inferior of the three classes can be paid.

No case exactly in point has been cited by either the referee or counsel for lessor, and I believe the solution indicated is the only one calculated to avoid confusion and embarrassment of bankrupt estates, as well as being consonant with the law and justice in the present case.

A decree in accordance with the views herein expressed should be presented.