REGAN, Judge.
The plaintiffs, Mrs. Bertha Rosenthal, widow of William W. Rosenthal, and Mrs. Fannie Mayer Wolf, issued a provisional seizure in May of 1949, under their landlord's lien and privilege and seized all of the personal property of Floor Coverings, Inc. The Civil Sheriff, in conformity with the judgment obtained by plaintiffs against Floor Coverings, Inc., sold all of the property at public sale for the amount of $1,-000 and retained the proceeds thereof.
At the moment of the foregoing seizure, there was owing to the City of New Orleans on the personal property taxes for the year 1948, the sum of $40.74 due January 1, 1948, and for the year 1949, the sum of $303.74 due January 1, 1949. In May, 1950, the City of New Orleans, by rule, sought to establish a claim for $344.48 representing the total amount of its unpaid taxes.
Plaintiffs pleaded the exceptions of no cause or right of action and nonjoinder of parties defendant, which were overruled and then answered denying that the city possessed a lien which primed the landlord’s either on the property of Floor Coverings, Inc., or on the proceeds of the sale of that property.
From a judgment making the rule of the City of New Orleans absolute and ordering the Civil Sheriff to pay to the City of New Orleans, out of the proceeds which he had, on deposit, the sum of $344.48, plaintiffs have prosecuted this appeal.
The only question which the pleadings and evidence has posed for our consideration is one of law and that is whether these personal property taxes due the City of New Orleans, constitute a lien and privilege on the proceeds of this judicial sale which primes the lien and privilege of the landlord.
We have made a careful analysis of plaintiffs’ contentions and we find them without merit.
Section 14 of Article 10 of the Constitution of 1921 provides that all laws applicable to the collection of State taxes apply likewise to the collection of municipal, parochial and other taxes. Therefore, since the State has a privilege for its taxes the city likewise possesses the same privilege.
Section 11 of Article 10 of the Constitution provides in part as follows:
“Taxes on movables shall be collected by seizure and sale by the tax collector of the movable property of the delinquent, whether it he the property assessed or not, sufficient to pay the tax. * * * ”
LSA-R.S. 47:2175, Act No. 47 of 1936, reads in part as follows:
“The state and its subdivisions and all cities, towns and villages shall have a first lien and privilege on all personal property for the payment of all taxes on personal property, in all judicial or insolvency proceedings, re-ceiverships or liquidations, whether seizure has been made or not, for such taxes previous to such proceedings, receiverships or liquidations.”
LSA-R.S. 47:2177, Sec. 49 of Act No. 170 of 1898, provides:
“Whenever any sheriff * * * takes possession of personal property, he shall pay at once all the taxes that may be due or may become due upon the same * * *.
“The tax collector shall also have the right to proceed by rule at any time in the court having custody of personal property or the proceeds thereof, to compel such sheriff * * * to make payment of all taxes due upon the property * *
In Cleveland Steel Co. v. Joe Kaufman Co., 1924, 155 La. 529, 99 So. 428, 429, which was cited with approval in Morelock v. Morgan & Bird Gravel Co., 1931, 174 La. 658, 141 So. 368, the Supreme Court, after referring to the foregoing articles of the Constitution of 1921 and LSA-R.S. 47:2177, said:
*41 “Two things seem clear from the foregoing provisions, to wit:
“1. That all the movable property of the delinquent, whether assessed or not assessed, is liable for any taxes due by said delinquent upon any personal property; and
“2. That the tax collector has the right to insist upon payment of said taxes at once, and in preference to all others, out of the personal property of the delinquent by whomsoever it may be held.
“And if all the personal property of the delinquent is liable for any tax due by him on personal property, it follows that the taxes due on assessed personal property is also due on unassessed personal property as well; since a tax due by property, or payable out of property, is a tax due on the property."
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.