O’NIELL, J.
In 1912', while the city of New Iberia was governed by the charter provided in the Act No. 43 of 1904, the mayor and board of trustees adopted an ordinance extending the corporate limits. They sought to incorporate all of the territory lying within a line drawn from a point 200 feet from the south side of Duperier avenue, measuring from the present intersection of the corporate limits with Duperier avenue, and thence from said point 200 feet from the south side of Duperier avenue, running in an easterly direction to Bayou Teche, at tide mark, a distance of 2,200 feet, more or less; thence from said point following the course of the bayou to a point where Hortense street, if extended, would intersect with the bayou, a distance of 232 feet from the north boundary of Duperier avenue; thence from said point running in a westerly direction along the southern line of Hortense street, if extended to the bayou, to a point where the present corporate limits intersect Hortense street; thence from said point to point of beginning.
.The ordinance above mentioned fixed the entire corporate limits of the city of New Iberia as follows:
*772 “Beginning at a point opposite to the southern line of the property of Mrs. Leopold De Blanc, starting at .the west side of the Bayou Teche at tide water mark; thence westward and following said northern line of said property of Mrs. Leopold De Blanc, to the intersection of North and Jane streets; thence still westward following the northern line of North street, on which the Episcopal cemetery is located, to the western line of the extension of Main street, at its most northern point; thence in a southern direction to the nearest^ point of the Morgan’s Louisiana & Texas Railroad; thence down said western boundary of Morgan’s Louisiana & Texas Railroad to Anderson street; thence out Anderson street on the northwest side to a point opposite and intersecting Robertson street on the northwest side of Hopkins street; thence out said Hopkins street to a point 650 feet beyond the southwestern side of Dale street; thence in an easterly direction to a row of four live oak trees in the yard of Mrs. Hartwell Hart, the first, of which stands 90 feet from the northwest side of Iberia street, said row of trees being just 650 feet from the southwest side of Dale street, and talcing in the residence of Mrs. Hartwell Hart; from said line of oak trees running; in a southerly direction to the southeast side of Bank avenue to a point 650 feet beyond the southwest side of Dale street; thence down the southwest side of Bank avenue to a certain tract of land lying on the southwest side of Bank avenue, starting from the southwest side of August Pascal’s property on Bank avenue running in a southeasterly direction to the 20-arpent road; thence along the southwest side of the 20-arpent road, and crossing said 20-arpent road to the northwest boundary or line of Gustave Deesan’s property, and running parallel with the property of the estate of G. W. Sentell to the southwest side of Morgan’s Louisiana & Texas Railroad tracks; thence along the southwest side of said Morgan’s Louisiana & Texas Railroad tracks to the upper or northern line of the property of Leitmeyer; thence along the upper line of the property of the said Leitmeyer to Bayou Teche; thence up the west side of the Bayou Teche to the lower limits of the property of John M. Henshaw, from thence across said Bayou Teche, running to a point 10 acres from the bayou at the lower limits of Bank avenue, if extended at tide mark; thence from a point 10 acres from the bayou, following the course of the bayou, to a point 200 feet from the south side of Duperier avenue, measuring from the present intersection of the corporate limits with Duperier avenue, and thence from the said point 200 feet from the south side of Duperier avenue, running in an easterly direction to Bayou Teche, at tide water mark, a distance of 2,200 feet, more or less; thence from said point following the course of the bayou to a point where Hortense street if extended would intersect the bayou, a distance of 232 feet from the north boundary of Duperier avenue; thence from said point running in a westerly direction along the southern line of Hortense street, if extended to the bayou, to a point where the present corporate limits intersect Hortense street; thence from said point, following the course of the bayou, to a point 10 acres from the Bayou Teche op posite the northwest side of Hopkins street, if extended on the east side of the Bayou Teche; thence in a westerly direction, following the northern line of Hopkins street, if extended in the east side of the Bayou Teche; thence up the western bank at tide water to the point of starting as first designated.”
A new charter was provided for the city of New Iberia by the Act No. 187 of 1910, as amended by the Act No. 217 of 1912, incorporating the city under a commission form of government. In accordance with section 18 of the Act No. 187 of 1910, the new charter and new form of government was ratified, approved, and adopted by a majority vote of the electors of the municipality and went into effect on the 30th of June, 1913.
In defining the boundaries and fixing the limits of the city, the extension which had been made by the municipal authorities was omitted from the Act No. 187 of 1910. The effect was to abrogate the extension of the corporate limits and re-establish the original boundaries which had been fixed and defined by the Act No. 43 of 1904.
On the 30th of June, 1913, the new governing body of the city of New Iberia adopted certain ordinances again extending the corporate limits to correspond with the extension made in 1912 and abrogated inadvertently by the Act No. 187 of 1910. In this ordinance of June 30, 1913, a correction was made of an error in the ordinance of 1912, in which the northern boundary of the property of Mrs. Leopold De Blanc had been erroneously written “southern boundary.” Thus the entire corporate limits of the city of New Iberia were established as herein-above set forth and brought within the com *774 mission government created by the Act No. 187 of 1910, as amended by the Act No. 217 of 1912.
Alleging that the assessor of the parish of Iberia insisted upon assessing the property situated between the original and the extended limits of the city of New Iberia for parochial taxes for the years 1913 and 1914, and that the police jury was levying and had collected parochial taxes upon the property thus situated, the city of New Iberia brought this suit against the parish, the assessor and the sheriff, and ex officio tax collector, praying that the extended limits be recognized as the true and correct corporate limits, that the property situated between the' original and extended limits be decreed to be subject to municipal taxes and not subject to parochial taxes, and that the sheriff and ex officio tax collector be ordered to pay over to the city the taxes and licenses collected by him within the disputed territory.
In its answer, the police jury of the parish of Iberia admitted that the ordinances were adopted extending the corporate limits of the city of New Iberia as stated above, but denied the authority of the governing body of the city to extend the corporate limits established by the Act No. 187 of 1910. The defense which has been most seriously urged, however, is that the police jury has constructed a model highway through the parish from New Iberia to Jeanerette, and has set aside • a portion of the annual revenue of the parish to pay the bonds which were issued to pay for the road. The ex-tention of the corporate limits takes about a mile of the model road into the city of New Iberia, and incorporates that extent of property which has heretofore contributed its proportion of taxes to pay the cost of the road.
The district court rendered judgment in favor of the plaintiff, recognizing the corporate limits of the city of New Iberia to embrace the disputed territory as extended by the ordinance of June 30, 1913, denying the authority of the police jury of the parish of Iberia to levy or collect parochial taxes or licenses (save the proportion which the law allows for original and other expenses mentioned in the city’s charter), ordering .the assessor to transfer the assessment of the property within the .disputed territory from the parochial to the municipal assessment rolls, and ordering the sheriff and ex officio tax collector to pay over to the city the revenues collected by him as parochial taxes and licenses levied since the 1st of January, 1913, except the proportion to be contributed by the city for criminal and other expenses in accordance with its charter.
From this judgment, the police jury of the parish of Iberia has appealed.
The city ordinances in question were regularly adopted and promulgated in accordance with the provisions of section 3 of the Act No. 136 of 1898. No appeal was taken from the ordinances, and the extension of the corporate limits was made final in the manner provided by section 6 of the Act No. 136 of 1898.
The fact that the parish of Iberia had constructed a model road to the original corporate limits of New Iberia and had issued bonds and set aside a certain number of mills of its annual revenue to pay for the road did not deprive the city of its right, under section 3 of the Act No. 136 of 1898, to extend its limits so as to embrace a portion of the road and of the property theretofore subject to parochial taxes. The property taken in by the extension of the corporate limits of the city was not burdened with a special tax to pay for the model road. The ordinances of the police jury provide that the *776 annual payments to be made upon the highway bonds are to be budgetted and paid from the general revenues of the parish. Therefore the argument that the extension of the corporate limits reduces the annual revenues of the parish might as well be urged with regard to any other expense of the parish as with regard to the expenditure to be made for the model highway. In fact, the argument is less persuasive with regard to the expenditure for the model road, because the portion of the road embraced within the extension of the corporate limits has become a municipal street, and the burden of keeping it in repair is now shifted from the parish to the city.
It is suggested that the ordinance adopted by the commission government did not go into effect until the middle of the year 1913, and Ithat the property within the extension should therefore be assessed for that year as within the parish of Iberia. But it must be borne in mind that the ordinance adopted by the former governing body in 1912, making the same extension of the corporate limits as is here contested, remained in force until it was abrogated by the going into effect of the Act No. 187 of 1910 on the 30th of June, 1913, when the new governing authorities adopted the ordinance of that date. The property within the disputed territory was therefore within the extended corporate limits of the city of New Iberia at the beginning of the year 1913. For the purpose of assessment, the status of property is to be taken as of date the 1st of January of the year in which the assessment is to be made. See Bunkis Brick Works v. Police Jury, 113 La. 1062, 37 South. 970; Insurance Oo. v. Board of Assessors, 49 La. Ann. 401, 21 South. 913.
For the reasons assigned, the judgment appealed from is affirmed at the cost of the appellant