O’NIELL, J.
The plaintiffs, Gustave Lemle, William Winans Wall, and Johnston Armstrong, brought this suit to compel the defendant, the Louisiana Farm Land Company, to accept title to a tract of land lying immediately in the rear of and adjoining the Beugnot and Castera land, 40 arpents back from Bayou St. John, and on the east side thereof, in the Second district of the city of New Orleans.
The defendant admitted its contract and agreement to purchase the above property at the price and on the terms stated in the petition, and admitted that it had refused to comply with the agreement, because the plaintiffs’ title was, in the opinion of the defendant and its attorney, imperfect and suggestive of serious litigation, and because, as defendant alleged, there were incumbrances upon the property. In support of this defense, the defendant alleged: ■
(1) That the sale by Andrew W. Smyth to the plaintiff, dated April 2, 1912, was- made under and by virtue of a power of attorney authorizing the sale of only the undivided two-thirds of the property; and that, as far *760 as defendant is advised, the plaintiffs have not acquired the other one-third interest.
, (2) That, in the act by which the piaintiffs acquired title, Dr. Smyth’s acquisition is described as an abandonment to him by the New Orleans Land Company, in the suit of Smyth v. New Orleans Land Co. (No. 13,781), of the docket of the United States Circuit Court for the Eastern District of Louisiana, whereas the record of that suit does not show that the title was abandoned to Dr. Smyth.
(3) That, in the suit just referred to, the judgment did not recognize or decree that the property belonged to Dr. A. W. Smyth.
(4) That the patent issued by the state of Louisiana to Dr. A. W. Smyth for the property in question is not valid and was not recorded in the parish of Orleans, where the property is situated.
(5) That, in the suit of Josephine Marie Beugnot et al. v. New Orleans Land Co., the plaintiffs were decreed to be the owners of an undivided two-ninths of a part of this property; and that in the case of heirs of Castera v. New Orleans Land Co., 125 La. 878, 51 South. 1021, the plaintiffs were recognized as the owners of other .parts of the property described in this petition; and in the case of Shelly v. Freidrichs, 117 La. 679, 42 South. 218, the plaintiffs were recognized as the owners of other parts of the property described in plaintiffs’ petition.
(6) That the plaintiff agreed to purchase the land as one compact body, and now it appears from a plan made by D’Lisle, deputy city surveyor, dated June 13, 1862, that the property is intersected by streets.
(7) That there was recorded against Dr. Smyth, at the time of his sale of this property to the plaintiff's, a general mortgage resulting from his qualifying as curator of the interdict John W. Dowler.
(8) That there is recorded an auditor’s deed, conveying this property to George G. Freidrichs; and therefore, if it should be held that the judgment in the case of Shelly v. Freidrichs was erroneous, and that the heirs of Castera are not the owners of parts of the property in question, then the title is in George G. Freidrichs by virtue of the said auditor’s deed.
We will take up the objections'in the order in which they are urged in the defendant’s answer.
1. It is true the power of attorney authorizing the sale to the plaintiffs describes the undivided two-thirds of the property mentioned in plaintiffs’ petition; but there is a general clause in the procuration authorizing the agent to sell any and all property belonging to Dr. Andrew W. Smyth in the city of New Orleans. The deed itself conveys the entire property described in plaintiffs’ petition.
The reason why Dr. Smyth mentioned only the undivided two-thirds of this property in the power of attorney authorizing the sale to the plaintiffs was that he had already transferred to them an undivided third interest in this property as their fee for recovering the title from the New Orleans Land Company in the suit above referred to.
We find no merit, however, in the plaintiffs’ contention that Dr. Smyth recognized the plaintiffs as the owners of one-third of this property in the act of mortgage of the two-thirds interest to Oliver S. Livaudais, dated the 21st of December, 1911, because the act of mortgage was executed by an agent acting under a power of attorney which did not authorize the agent to recognize any adverse title or to do anything more than to mortgage the property, as far as the record discloses.
The record contains the written contract under which Dr. Andrew W. Smyth transferred to the plaintiff the undivided one-third interest in the property described in their petition, and this is sufficient explanation of why he authorized his agent to transfer to *762 them only the remaining undivided two-thirds interest. This disposes of the first objection to the validity of the plaintiffs’ title.
2. There is no merit in the defendant’s second objection. In the suit of Dr. A. W. Smyth v. New Orleans Land Co., the plaintiff claimed title under the state patent hereafter mentioned. The New Orleans Land Company filed pleas or prescription and estoppel," and thereafter admitted it had no title and abandoned all claim to the property. The plaintiffs are not depending upon a title from the New Orleans Land Company. They are depending upon the title acquired by Dr. Smyth under his state patent. This also disposes of the defendant’s third objection.
[1] 4. The patent issued by the state of Louisiana to Andrew W. Smyth (No. 10,152), dated November 4, 1912, covers lots Nos. 5 and 8 of section 8, lots Nos. 2, 5, 8, and 11 of section 17, and lots Nos. 2 and 7 of section 20, township 12 south, range 11 east, in the Southeastern Land District of Louisiana, east of the Mississippi river, containing 107.33 acres. This patent is in due form and is signed by the Governor and the register of the state land office. There is an admission in the record, made at the time of the offering of the patent in evidence, that the land in question is a part of the land described in the patent No. 10,152.
It has been repeatedly decided by this court that articles 2242 and 2246, R. C. C., do not apply to state patents or United States patents. They need not be recorded elsewhere than in the land office.
5. The plaintiffs and Andrew W. Smyth are not bound by the judgment rendered in the suit of Castera Heirs v. New Orleans Land Co., reported in 125 La. 878, 51 South. 1021, nor are they affected by the judgment rendered in the case of Shelly v. Freidrichs, reported in 117 La. 679, 42 South. 218, because the plaintiffs and Dr. Smyth were not parties to those suits.
It is true the decisions rendered in the cases just referred to seem to hold that the Castera heirs, who were the successful litigants in both cases, were the owners of the property in question. But these decisions were based upon the erroneous belief that the land then in contest extended back 45 arpents in depth from the Bayou St. John. As a matter of fact, the titles introduced in evidence here show that the property involved in the cases, in which the Castera heirs were plaintiffs and the New Orleans Company was defendant, extended back only 40 arpents from the west bank of Bayou St. John. The only effect of the judgments rendered in the suits of the Castera heirs against the New Orleans Land Company was that, as between them, the Castera heirs were held to have a better title to the land then in contest. The land then in contest extended back to, but did not include, the property involved in the present case. The ancient titles introduced in this ease render the situation very clear in this respect.
[2] 6. It was admitted that Dr. Smyth and the plaintiffs have not dedicated any of the' property in question to public streets. It is true the plan made by D’Lisle, city surveyor, shows the property to be intersected by streets. But there is no proof that any streets were laid off by any owner of this property. To support a dedication to the public use, it must appear that the property has been used with the assent of the owner or that the owner made a dedication to the public use. See Saulet v. New Orleans, 10 La. Ann. 81; Arrow Smith v. New Orleans, 24 La. Ann. 194; Town of Carrollton v. Jones, 7 La. Ann. 233.
7. The seventh objection is disposed of by the defendant’s admission, made on the trial,, viz.:
“It is admitted that plaintiffs in this ease tendered to the defendant a deed to the property referred to in the petition, with necessary certificates attached thereto, showing the property to be free from mortgages and incumbranc *764 es, and that it had not theretofore been alienated, and also that the taxes had been paid to and including the year 1913.”
8. The eighth objection is disposed of by tire fact that Freidrichs sold whatever interest he had in this property to the New Orleans Land Company, and the latter renounced and abandoned all claim thereto in the suit of Dr. A. W. Smyth v. New Orleans Land Co., in the United States Circuit Court.
Our conclusion is that the plaintiffs have a valid title to the land described in their petition, which the defendant agreed to purchase upon the terms and conditions mentioned in the contract of December, 1913.
The judgment appealed from is therefore affirmed, at appellant’s cost.