(120 So. 23)

No. 29293.

## LOUISIANA OIL REFINING CO. v. LOUISIANA TAX COMMISSION et al.

Jan. 2, 1929.

Rehearing Denied Jan. 28, 1929.

George T. McSween and B. F. Roberts, both of Shreveport, for appellants.

Blanchard, Goldstein & Walker, of Shreveport, for appellee.

ST. PAUL, J. On January 1, 1927, plaintiff owned certain tank cars; on January 21st it sold all of said cars to the Union Tank Car Company, and delivery followed in due course thereafter; on February 9th plaintiff notified defendant that said cars had been sold and that plaintiff was no longer the owner thereof; later during the year defendant assessed said cars to plaintiff, over plaintiff's protest, and refused to assess said tank cars to the Union Tank Car Company, plaintiff's vendee.

This is a suit to cancel said assessment against plaintiff and to enjoin the collection of any taxes based thereon. There was judgment below for plaintiff, and defendants appeal.

### I.

 The question presented is whether movable property within the state and liable to taxation therein must be assessed to the owner thereof on January 1st of the year for which the taxes are levied, or to the owner thereof at the time the property is actually listed for taxation on the assessment rolls for said year.

### II.

At the outset it is well to observe a fundamental distinction between taxes levied on real estate (immovable property) and taxes levied on personal (movable) property; for we will thereby avoid some confusion which might otherwise arise.

That fundamental distinction is this: That taxes levied on real property are a charge laid exclusively upon the property assessed, and collectible only out of said property, and neither the owner of said property, nor any other property of his, is liable for said taxes; whereas, taxes levied on personal property become a personal liability of the person assessed and collectible out of any property belonging to the person assessed. Cleveland Steel Co. v. Joe Kaufman Co., 155 La. 529, 99 So. 428.

Hence it is immaterial, so far as concerns any personal liability for taxes on real property, to whom such real property may be assessed, since the person assessed is never personally liable for said tax. But, on the other hand, it is of supreme importance to whom personal property is assessed, since if such personal property be assessed to the proper person, the person assessed is thereby made personally liable for the tax.

Hence we see no relevancy here in any jurisprudence relating to the manner in which real property shall be assessed, for no personal liability on the part of the owner or person assessed can result in any case. And the question before us resolves itself simply into this: Who (if properly assessed) is liable for the taxes upon personal property for the current year; is it the person who was owner thereof on January 1st of that year, or he who is owner thereof at the time the property is listed and the assessment completed?

Certainly the property cannot be assessed to both; for both are not liable, but only the one or the other, since the same property cannot be assessed twice. And if he who was owner of the property on January 1st be liable for the taxes for that year, then certainly he cannot relieve himself of that liability by selling the property before the assessment rolls have been completed.

But it is the jurisprudence of this state that, although the assessments may be made afterwards, the law contemplates that they shall be made on the basis of the condition of things as they existed on January 1st of the year in which they are made. Southern Insurance Co. v. Board of Assessors et al., 49 La. Ann. 401, 21 So. 913; Palfrey v. Connely, 106 La. 699, 31 So. 148; Bunkie Brick Works v. Police Jury, 113 La. 1062, 37 So. 970; City of New Iberia v. Police Jury, 135 La. 769, 775, 66 So. 193; Morgan's La. & T. R. R. & S. S. Co. v. White, 136 La. 1075, 1078, 68 So. 130; Jasper & E. R. R. Co. v. Martin, 142 La. 1047, 78 So. 112.

We adhere to that doctrine, to wit, that no matter at what time assessments on personal property must or may be actually completed, they are to be based on conditions existing on January 1st of the year for which they are made.

Decree.

The judgment appealed from is therefore reversed, and it is now ordered that plaintiff's demand be rejected at its cost in both courts. It is further ordered that an attorney's fee of 10 per cent. upon the amount of the taxes with interest be taxed against said plaintiff and collected therewith.

O'NIELL, C. J., takes no part.