**No. 4042**

**Second Circuit**

---

**STATE EX REL. CAIN, TAX COLLECTOR, v. H. D. FOOTE LBR. CO., INC.**

---

(July 14, 1931. Opinion and Decree.)

---

Ped C. Kay, of De Ridder, attorney for plaintiff, appellant.

B. T. Dawkins, of Alexandria, attorney for defendant, appellee.

McGREGOR, J. On January 1, 1929, and for some time prior thereto, the W. G. Ragley Lumber Company, Incorporated, was the record owner of all the standing timber on certain land in Beauregard parish. While this company was the record owner of the timber on the date named, as a matter of fact it had sold it to the Powell Lumber Company, Incorporated, on November 21, 1928, but the act of sale was not filed and recorded until July 5, 1929. Powell Lumber Company sold the timber to the B. E. Smith Land & Lumber Company on January 19, 1929, and that company in turn sold and conveyed it on January 22, 1929, to the H. D. Foote Lumber Company, Incorporated, who in the act of sale agreed to pay all taxes due on the said timber for the year 1929. As required by law, the tax assessor of Beauregard parish assessed the said timber for the year 1929 to the W. G. Ragley Lumber Company, Incorporated, as it was the record owner on January 1st of that year.

As soon as the H. D. Foote Lumber Company acquired its title to the timber, it began to cut and remove it, and, before the tax roll for the year 1929 was ready for filing as provided by law, all the timber had been cut and removed from the parish. As a consequence, when the tax collector received the tax rolls and was ready to collect taxes on the timber, he was powerless to seize it to enforce the collection. This suit was brought in Rapides parish, the domicile of the defendant, to enforce it to pay the said taxes. The tax collector bases his right to prosecute this suit against this defendant on the ground that it agreed with its vendor that it would pay the taxes on the timber for the year 1929, and that, while it was the owner of the timber, it cut and removed it from Beauregard parish, and in so doing put it beyond the power of the tax collector to seize and sell it in the manner provided by law. The defendant filed an exception of no cause or right of action, which was sustained by the court in a signed judgment, from which plaintiff has appealed.

OPINION

The facts of this case are simple and undisputed. The exception of no cause or right of action is based on the theory that, if the timber is considered as real estate, no suit of any kind is authorized for the collection of the taxes, the only remedy provided by law being the seizure and sale of the property itself; and that, if it is considered personal property, the law does not authorize the present suit.

It is well settled that, when taxes are assessed upon real estate or immovable property, there is no personal liability on the part of any one. The law provides an ample remedy for the collection of the taxes by the sale of the property without resort to suit of any kind against any one. So that, if the assessment of the standing timber should be classed as real estate or immovable property, the law neither provides for nor allows such a suit as this to be filed.

For the collection of taxes on personal property, the Constitution provides as follows:

"Taxes on movables shall be collected by seizure and sale by the tax collector of the movable property of the delinquent, whether it be the property assessed or not, sufficient to pay the tax. Sale of such property shall be made at public auction, without appraisement, after ten days' advertisement, made within ten days from date of seizure, and shall be absolute and without redemption.

"If the tax collector can find no corporeal movables of the delinquent to seize, he may levy on incorporeal rights, by notifying the debtor thereof, or he may proceed by summary rule in the courts to compel the delinquent to deliver up for sale property in his possession or under his control." Constitution of 1921, art. 10, sec. 11.

The latest expression of the Supreme Court on the question of the liability for the payment of the taxes due on movable property is the case of Louisiana Oil Refining Co. v. Louisiana Tax Commission, 167 La. 605, 120 So. 23. In that case, in discussing the question as to who is liable for the taxes upon movable or personal property for the current year the court said:

"At the outset it is well to observe a fundamental distinction between taxes levied on real estate (immovable property) and taxes levied on personal (movable) property; for we will thereby avoid some confusion which might otherwise arise.

"That fundamental distinction is this: That taxes levied on real property are a charge laid exclusively upon the property assessed, and collectible only out of said property, and neither the owner of said property, nor any other property of his, is liable for said taxes; whereas, taxes levied on personal property become a *personal liability of the person assessed and collectible out of any property belonging to the person assessed.* Cleveland Steel Co. v. Joe Kaufman Co., 155 La. 529, 99 So. 428.

"Hence it is immaterial, so far as concerns any personal liability for taxes on real property, to whom such real property may be assessed, *since the person assessed is never personally liable for said tax.* But, on the other hand, it is of supreme importance to whom personal property is assessed, since if such personal property be assessed to the proper person, the person assessed is thereby made personally liable for the tax.

"Hence we see no relevancy here in any jurisprudence relating to the manner in which real property shall be assessed, for no personal liability on the part of the owner or person assessed can result in any case. And the question before us resolves itself simply into this: Who (if properly assessed) is liable for the taxes upon personal property for the current year; is it the person who was owner thereof on January 1st of that year, or he who is owner thereof at the time the property is listed and the assessment completed?

"Certainly the property cannot be assessed to both; for both are not liable, but only the one or the other, since the same property cannot be assessed twice. And if he who was owner of the property on January 1st be liable for the taxes for that year, then certainly *he cannot relieve himself of that liability by selling the property before the assessment rolls have been completed.*

"But it is the jurisprudence of this state that, although the assessments may be made afterwards, the law contemplates that they shall be made on the basis of the condition of things as they existed on Jan-

uary 1st of the year in which they are made. Southern Insurance Co. v. Board of Assessors et al., 49 La. Ann. 401, 21 So. 913; Palfrey v. Connely, 106 La. 699, 31 So. 148; Bunkie Brick Works v. Police Jury, 113 La. 1062, 37 So. 970; City of New Iberia v. Police Jury, 135 La. 769, 775, 66 So. 193; Morgan's L. & T. R. R. & S. S. Co. v. White, 136 La. 1075, 1078, 68 So. 130; Jasper & E. R. R. Co. v. Martin, 142 La. 1047, 78 So. 112.

"We adhere to that doctrine, to-wit, that no matter at what time assessments on personal property must or may be actually completed, they are to be based on conditions existing on January 1st of the year for which they are made." (Italics ours.)

Under the above decision, if the timber is movable property, W. G. Ragley Lumber Company, Incorporated, the record owner on January 1, 1929, and to whom the timber was assessed, and not the present defendant, is personally liable for the taxes for the year 1929, and whatever remedy is provided by law for the enforcement of the collection of the same must be pursued against that company and not against the present defendant. So that it is not necessary to decide whether the taxes on the said timber should be collected as on immovable property or movable property, for in neither case does the law provide for any kind of suit against this defendant.

But plaintiff says that, in the act of sale in which the defendant secured title to the timber, it agreed to pay the taxes, and that therefore he has a right to bring this suit to enforce this promise. In order for this so-called agreement or assumption to furnish the basis of any action against the defendant by the plaintiff, it must be construed as a stipulation pour autrui. The case of People's Homestead Association v. Garland, 107 La. 476, 31 So. 892, involved the exact point, and, in holding that such an agreement to pay taxes was not a stipulation pour autrui, the court said:

"In the absence of any text of law on the subject, such assumption cannot benefit the city, unless it be viewed as a stipulation pour autrui in its favor. We find nothing tending to impress that character upon the act. The matter was one purely personal to the contracting parties, exclusively in their own interest, and not in the remotest degree intended for the benefit of the city, who was not a party to the contract. The assumption by another of the tax did not relieve the party assessed of his liability therefor. In contemplation of law, he remained the tax debtor. It merely gave him the right to recoup himself against his vendee in case he were compelled to pay the tax assumed by the latter, but conferred no rights on any one else. Thus it has been held that a stipulation that a certain sum shall be paid to a third person towards the extinguishment of a debt due to him from one of the parties to the contract is not a stipulation pour autrui, but that the assumption of the debt is part of the consideration or price of the property intended exclusively for the benefit of the stipulating party. Tiernan v. Martin, 2 Rob. 523."

In the present case the promise of this defendant to pay the taxes on this timber for the year 1929 was a matter purely personal between the defendant and its vendor. The promise was not made for the benefit of the state or parish or any other body to whom the taxes might be due. It was merely an agreement on the part of the defendant to hold its vendor harmless as to the taxes. If at any time its vendor, B. E. Smith Land & Lumber Company, should be called on to pay these taxes, then under its contract it could call on the defendant to pay them. That is the full extent of the obligation.

For the reasons assigned, the judgment appealed from is affirmed, the plaintiff to pay the costs of both courts.