**CARONDELET BLDG. CO., Inc., v. FONTENOT, Acting Collector of Internal Revenue.**

No. 995.

District Court, E. D. Louisiana.

Aug. 21, 1939.

Legier, McEnerny & Waguespack and Harry McEnerny, Jr., all of New Orleans, La., for plaintiff.

Michael Gould, Sp. Asst. to U. S. Atty. Gen., and Robert Weinstein, Asst. U. S. Atty., of New Orleans, La., for defendant.

BORAH, District Judge.

This action was tried by the Court without the intervention of a jury and was submitted on the following agreed statement of facts:

I. The Carondelet Building Company, Inc., is a Louisiana corporation which was incorporated on May 9, 1934. It is domiciled in the City of New Orleans, State of Louisiana.

II. Rufus W. Fontenot was on October 22, 1936, Acting Collector of Internal Revenue for the District of Louisiana, and at the present time is the Collector of Internal Revenue for the District of Louisiana. Mr. Fontenot since October 22, 1936, until the present date has either been Acting Collector of Internal Revenue for the District of Louisiana or the Collector of Internal Revenue.

III. On October 22, 1936, the Carondelet Building Company, Inc., paid to Rufus W. Fontenot, who was Acting Collector at that time, the sum of $1,959.85, which represented additional income taxes plus interest for the taxable period May 10, 1934, to September 30, 1934, which date, that is,

September 30, 1934, represented the closing of the fiscal year established by Carondelet Building Company, Inc., which additional income tax had been assessed against Carondelet Building Company, Inc., by the Commissioner of Internal Revenue.

IV. The said sum of $1,959.85 paid by Carondelet Building Company, Inc., as hereinabove set forth, resulted from assessment made by the Commissioner of Internal Revenue through his disallowance of the claim of deductions on City and State real estate taxes for the fiscal period hereinabove set forth.

V. The real estate on which the said State and City taxes were paid was acquired by Carondelet Building Company, Inc., as specifically set forth by certificate of Mr. Harry McEnerny, Jr., which certificate is attached hereto and made a part hereof, marked "A". [1]

VI. On February 8, 1937, Carondelet Building Company, Inc., filed with the said Rufus W. Fontenot a claim for refund for the payment of $1,959.85 made on October 22, 1936. On June 21, 1937, this claim for refund was rejected by the Commissioner of Internal Revenue as shown by the attached copy of the Commissioner's letter dated June 21, 1937. Attached hereto and made a part hereof are the following properly certified documents bearing the letters indicated thereon:

(1) Corporation income and excess profits tax return for the period begun May 10, 1934, and ended September 30, 1934 (with schedules attached), filed by Carondelet Building Company, Inc. [2]

(2) Claim for refund filed by Carondelet Building Company, Inc.

(3) Letter dated March 13, 1937, from Deputy Commissioner to Carondelet Building Company, Inc., disallowing claim for refund.

VII. Attached hereto and made a part hereof are three certificates which are lettered "B", "C" and "D". It is stipulated and agreed that if the parties who made and signed the statements marked "B", "C" and "D", public officials, were placed on the witness stand that they would testify to the facts in said statements. [3]

---

[1] "A.

"New Orleans, La., April 13, 1939

"I hereby certify that from the abstract of title to property purchased by Carondelet Building Company, Inc. at Sheriff's sale, in the matter entitled Whitney National Bank of New Orleans, Trustee, vs. Nortrus Holding Corporation, on May 10, 1934, the registered title to the said property on January 1, 1934, was in the name of Nortrus Holding Corporation.

"I further certify that the real property assessment for the year 1934 against the said property was made in the name of Nortrus Holding Corporation.

"I further certify that Nortrus Holding Corporation had no other property in Square 224 of the First District of the City of New Orleans, bounded by Carondelet, Gravier, St. Charles and Common Streets in the year 1934.

"I further certify that the City taxes on said property were paid on September 26, 1934 and City tax receipt No. 6646 was issued; that the City taxes amounted to Twenty-four Thousand, Four Hundred and Six Dollars and sixty-nine cents ($24,406.69); and that the payment of the said taxes was made by Carondelet Building Company, Inc.

"I further certify that the State taxes on said property were paid on December 28, 1934 and State tax receipt No. 6645 was issued; that the State taxes amounted to Ten Thousand, Three Hundred and Twenty-six Dollars and eighty-eight cents ($10,326.88) and that the payment of the said taxes was made by Carondelet Building Company, Inc."

[2] The tax return shows that the corporation kept its books on the accrual basis.

[3] "B

"State of Louisiana
"Parish of Orleans

"Be it known, that I, Martin E. Kranz, Secretary of the Board of Assessors for the Parish of Orleans, do hereby certify that: I am now and have at all times since July, 1929, been the Secretary of the Board of Assessors for the Parish of Orleans.

"Deponent further declares that the assessment rolls for the year 1934 covering assessments against real property in the Parish of Orleans, City of New Orleans, State of Louisiana, were open to public inspection by the Board of Assessors from February 1, 1934 to February 15, 1934; that the assessment rolls were certified to the Louisiana Tax Commission by the Board of Assessors on March 3, 1934, and that they were finally approved by the Louisiana Tax Commission on December 8, 1934.

"Deponent further declares that the assessment rolls were recorded in the Mortgage Office for the Parish of Orleans on November 27, 1934, and that a copy of the assessment rolls was delivered to the City Treasurer of the City of New Or-

VIII. Attached hereto and made a part of this stipulation are the following documents marked for identification E, F, G & H, the said documents being respectively 1934 real estate tax receipts issued by the City of New Orleans covering the real estate involved in this case; the 1934 State tax receipts issued by the State of Louisiana covering the payment of the real estate taxes on the property involved in this case and the two cancelled checks of Carondelet Building Company, Inc., showing that it paid these taxes for which the receipts marked E. & F were given. It is further stipulated that the original documents attached to this stipulation may be withdrawn by furnishing copies. [4]

IX. It is further stipulated and agreed that Carondelet Building Company, Inc., made its first entry on its books with respect to real property taxes for 1934 on July 31, 1934; that at that time an entry was made in its ledger of $20,261.22, and that that figure was arrived at by taking seven months proportion of the City and State taxes for the calendar year 1934, or that portion as being applicable to the period January 1, 1934, to July 31, 1934. The item of $20,261.22 was charged on the books as an item of expense.

On the same date, July 31, 1934, there was a reverse entry made in the books so that $12,542.66 was capitalized and there was left charged on the books as an item of expense the sum of $7,718.56. The amount of $12,542.66 which was charged to surplus represented that proportion of the City and State taxes for the period January 1, 1934, to May 10, 1934, or four and one-third months. The amount of $7,718.56 which was then left on the books as of July 31, 1934, charged to expenses represented that proportion of the City and State taxes applicable to the period May 10, 1934, to July 31, 1934, or two and two-thirds months.

The next entry in the books is as of August 31, 1934, where an item of $2,894.46 is charged to expenses representing that proportion of City and State taxes for 1934 applicable to the period August 1, 1934, to August 31, 1934. The next entry in the books with respect to taxes is a similar item of $2894.46 charged to expenses on September 30, 1934, and represented that proportion of City and State taxes for 1934 applicable to the period September 1, 1934 to September 30, 1934.

X. It is further stipulated and agreed that Carondelet Building Company, Inc., claimed as a deduction in its income tax return for the fiscal year ended September, 1934, only that amount of City and State taxes applicable to the period May 10, 1934, to September 30, 1934.

The Court adopts the above agreed

---

leans on December 7, 1934 and a copy of the assessment rolls was delivered to the State Tax Collector for the Parish of Orleans on December 8, 1934.

"Deponent further declares that the collection of the real estate taxes for the year 1934 was begun by the City of New Orleans on July 23, 1934, and that the payment of the City taxes did not become delinquent until October 1, 1934.

"Given under my hand as Secretary of the Board of Assessors for the Parish of Orleans, this 6th day of April, 1939.
"(signed) Martin E. Kranz
Secretary, Board of Assessors for the Parish of Orleans.

"C
"I, George W. Montgomery, State Tax Collector for the Parish of Orleans, do hereby certify that I am now, and have been State tax Collector for the Parish of Orleans since the fourth day of May, 1925 and that the State taxes for the 1934 covering all real property situated in the Parish of Orleans, City of New Orleans, State of Louisiana, began to be collected on December 10th, 1934 and did not become delinquent until thirty days thereafter.

"Given under my hand and seal this 2nd day of December, 1938.
"(signed) G. W. Montgomery
"State Tax Collector for the Parish of Orleans, State of Louisiana, City of New Orleans.

"D
"I, William P. Hickey, Recorder of Mortgages for the Parish of Orleans, State of Louisiana, do hereby certify that I am now, and have been Recorder of Mortgages for the Parish of Orleans since the sixth day of May, 1930 and that the assessment rolls covering all real property situated in the Parish of Orleans, City of New Orleans, State of Louisiana, for the year 1934, were filed in my office at noon November 27th, 1934.

"Given under my hand and seal this 3rd day of February, 1939.
"(signed) W. P. Hickey
"Recorder of Mortgages for the Parish of Orleans."

[4] The particulars with reference to these documents are set forth in Exhibit A, supra.

statement of facts as its special findings of fact and now states its conclusions of law:

In Louisiana, taxes levied on real property are a charge laid exclusively upon the property assessed and are collectible only out of said property, and neither the owner of said property, nor any other property of his, is liable for said taxes. Louisiana Oil Refining Co. v. Louisiana Tax Commission et al., 167 La. 605, 120 So. 23.

State and City real property taxes in the city of New Orleans do not become a lien on the property and do not become due until the assessment rolls are filed in the mortgage office for the Parish of Orleans. Charles Wirth Realty & Investment Co., Inc. v. Tropical Clothing & Manufacturing Co., La.App., 160 So. 455; Dart's Louisiana General Statutes, Secs. 8400–8404, Act No. 170 of 1898, §§ 31–35.

The lien for the real property taxes involved in this action attached to the property on November 27, 1934, and since the attachment of the lien determines the accrual date of the real property taxes, the plaintiff is not entitled to a deduction under Section 23(c) of the Revenue Act of 1934, U. S.C., Title 26, Sec. 23(c), 26 U.S.C.A. § 23(c), because the attachment of the lien occurred after the fiscal period for which the income tax return was filed and the deduction claimed. Commissioner of Internal Revenue v. Plestcheeff, 9 Cir., 100 F.2d 62; Commissioner of Internal Revenue v. Patrick Cudahy Family Co., 7 Cir., 102 F.2d 930.

Petitioner's books having been kept on the accrual basis, the cash payment during the fiscal period of city taxes accruing after such period could not be claimed as an alternate deduction. Cecil v. Commissioner of Internal Revenue, 4 Cir., 100 F.2d 896; Income Tax Regulations 1934, Secs. 23(c) and 43. Nor where such alternate claim is made for the first time in brief. Walsh-McGuire Co. v. Commissioner of Internal Revenue, 6 Cir., 97 F.2d 983.

Since the real property taxes involved in this action did not accrue until November 27, 1934, which was subsequent to the date of purchase of the property on May 10, 1934, and subsequent to the end of petitioner's fiscal year on September 30, 1934, said taxes were neither a part of the purchase price nor deductible for the fiscal period ending September 30, 1934, and petitioner's suit must be dismissed.

The Court concludes that the Commissioner correctly determined the taxable net income of the plaintiff for the fiscal period beginning May 10, 1934, and ending September 30, 1934.

The Clerk is accordingly directed to enter a judgment in favor of the defendant dismissing plaintiff's action with costs.

## THE S. S. DORA.
### No. 332.

District Court, E. D. Louisiana.
Aug. 7, 1939.

Samuel J. Tennant, Jr., of New Orleans, La., for libelant.

Terriberry, Young, Rault & Carroll, and Benjamin W. Yancey, all of New Orleans, La., for respondent.