Dear Mr. Austin:
The opinion of this office was requested with respect to the collection of ad valorem taxes levied against movable inventories, specifically:
 1. Are taxes levied on movable property due when a business changes ownership during the year?
 2. Can the tax collector seize and sell movable property inventory during the ensuing year to pay taxes owed on the movable inventory due and unpaid for the preceding year?
3. Do ad valorem taxes follow the movable inventory?
Apparently, the various tax collectors in the state have problems in collecting taxes after a business changes ownership during the year. It is the understanding of this office that there is a diversity of opinions among the tax collectors as to whether the purchaser or the seller of a business is liable for unpaid taxes on inventories.
La. R.S. 47:1951 provides, in part:
 "All property within the state, except as is expressly exempted from taxation by law shall be subject to taxation on the basis of the assessed valuation thereof. . . ."
La. R.S. 47:1952(A) provides:
 "A. All property subject to taxation, including merchandise or stock in trade, shall be placed upon the assessment lists in the respective parishes or districts where situated. Assessments shall be made on the basis of the condition of things existing on the first day of January of each year; however, as to the ownership of immovable property subject to taxation, the assessor may note on the tax roll any transfer of such property which takes place after the first day of January but before the assessor files the tax roll with the tax collector as required in R.S. 1993, if practicable. If the assessor makes such note on the tax rolls, the tax notice shall then be sent to such owner in lieu of the owner of the property as of January first."
La. R.S. 47:2101(A)(1) provides:
 "A. (1) All taxes shall be collected in the calendar year in which the assessment thereof is made . . . and the taxes assessed in such year shall be due in that calendar year as soon as the tax roll is filed in the office of the recorder of mortgages . . . and they shall be paid on or before the thirty-first of December in each respective year in order to avoid notice, advertisement and sale required by Article VII, Section 25 of the Louisiana Constitution. . . ."
Article VII, Section 25(E) of the Louisiana Constitution provides:
 "(E) Movables; Tax Sales. When taxes on movables are delinquent, the tax collector shall seize and sell sufficient movable property of the delinquent taxpayer to pay the tax, whether or not the property seized is the property which was assessed. Sale of the property shall be at public auction, without appraisement, after ten days advertisement, published within ten days after date of seizure. It shall be absolute and without redemption.
 If the tax collector can find no corporeal movables of the delinquent to seize, he may levy on incorporeal rights, by notifying the debtor thereof, or he may proceed by summary rule in the courts to compel the delinquent to deliver for sale property in his possession or under his control."
The statutory provisions implementing Article VII, Section 25(E) are found in La. R.S. 47:2171 to 2177, inclusive.
In Louisiana Oil Refining Co. v. Louisiana Tax Commission,167 La. 605, 120 So. 23, the Supreme Court differentiated between taxes levied on movables and immovables, as follows:
 "At the outset it is well to observe a fundamental distinction between taxes levied on real estate (immovable property) and taxes levied on personal (movable) property; for we will thereby avoid some confusion which might otherwise arise.
 That fundamental distinction is this: That taxes levied on real property are a charge laid exclusively upon the property assessed, and collectible only out of said property, and neither the owner of said property, nor any other property of his, is liable for said taxes; whereas, taxes levied on personal property become a personal liability of the person assessed and collectible out of any property belonging to the person assessed. Cleveland Steel Co. v. Joe Kaufman Co., 155 La. 529, 99 So. 428.
 Hence it is immaterial so far as concerns any personal liability for taxes on real property, to whom such real property may be assessed, since the person assessed is never personally liable for said tax. But, on the other hand, it is of supreme importance to whom personal property is assessed, since if such personal property be assessed to the proper person, the person assessed is thereby made personally liable for the tax.
 Hence we see no relevancy here in any jurisprudence relating to the manner in which real property shall be assessed, for no personal liability on the part of the owner or person assessed can result in any case. And the question before us resolves itself simply into this: Who (if properly assessed) is liable for the taxes upon personal property for the current year; is it the person who was owner thereof on January 1st of that year, or he who is owner thereof at the time the property is listed and the assessment completed?
 Certainly the property cannot be assessed to both; for both are not liable, but only the one or the other, since the same property cannot be assessed twice. And if he who was owner of the property on January 1st be liable for the taxes for that year, then certainly he cannot relieve himself of that liability by selling the property before the assessment rolls have been completed.
 But it is the jurisprudence of this state that, although the assessments may be made afterwards, the law contemplates that they shall be made on the basis of the condition of things as they existed on January 1st of the year in which they are made.
 We adhere to that doctrine, to wit, that no matter at what time assessments on personal property must or may be actually completed, they are to be based on conditions existing on January 1st of the year for which they are made."
This office opined that when a tax debtor sold movable property on which a tax had been assessed, the tax liability was a personal liability of the tax debtor collectible out of his movable property, whether it was the property assessed or not, and the property sold could not be followed into the hands of the purchaser to enforce the tax liability. Op. Atty. Gen. 1936-38, p. 979.
Based upon the aforementioned constitutional and statutory provisions, jurisprudence and opinion, it is the opinion of this office that:
 1. Taxes levied on movable property are not, by law, due and payable when a business changes ownership during the year;
 2. The tax collector may seize and sell any movable property owned by the delinquent taxpayer to pay taxes owed on movable inventory due and unpaid for the current or any preceding year (see La. R.S. 47:2172); and
 3. Unpaid ad valorem taxes levied on movable property are a personal liability of the delinquent taxpayer and do not "follow" the property after it is sold.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: MARTHA S. HESS Assistant Attorney General
RPI/MSH/jav 2902m